MICHAEL F. JACQUES, CDCR No. AY-5885
Name and Prisoner Booking Number

MULE CREEK STATE PRISON
Place of Confinement

P.O. BOX 409060
Mailing Address

IONE, CALIFORNIA 95640
City, State, Zip Code

(Failure to notify the Court of your change of address may result in dismissal of this action.)

FILED
May 13, 2022
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL F. JACQUES,
(Full Name of Plaintiff) Plaintiff,

v.

(1) R. QUICK, CORRECTIONAL OFFICER
(Full Name of Defendants)
(2) J. BORDENICK, CORRECTIONAL SERGEANT
(3) _____
(4) _____
Defendant(s).
☐ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO. 2:22-cv-811-CKD (PC)
(To be supplied by the Clerk)

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

☑ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

## A. JURISDICTION

1. This Court has jurisdiction over this action pursuant to:
   ☑ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
   ☐ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
   ☐ Other: _____

2. Institution/city where violation occurred: MULE CREEK STATE PRISON, IONE CALIFORNIA

## B. DEFENDANTS

1. Name of first Defendant: **R. QUICK**. The first Defendant is employed as: **CORRECTIONAL OFFICER** at **MULE CREEK STATE PRISON**.
   (Position and Title)                                (Institution)

2. Name of second Defendant: **J. BORDEWICK**. The second Defendant is employed as: **CORRECTIONAL SERGEANT** at **MULE CREEK STATE PRISON**.
   (Position and Title)                                (Institution)

3. Name of third Defendant: _____. The third Defendant is employed as: _____ at _____.
   (Position and Title)                                (Institution)

4. Name of fourth Defendant: _____. The fourth Defendant is employed as: _____ at _____.
   (Position and Title)                                (Institution)

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner?   ☑ Yes   ☐ No

2. If yes, how many lawsuits have you filed? ____. Describe the previous lawsuits:

   a. First prior lawsuit:
      1. Parties: **MICHAEL E. JACQUES** v. **J. LOPEZ JR, ET AL**
      2. Court and case number: **1:16-CV-01287-DAD-SAB**
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) **SETTLEMENT**

   b. Second prior lawsuit:
      1. Parties: **MICHAEL E. JACQUES** v. **A. GONZALES, ET AL**
      2. Court and case number: **2:16-CV-06862-GW-KS**
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) **SETTLEMENT**

   c. Third prior lawsuit:
      1. Parties: **MICHAEL E. JACQUES** v. **M. BRAHNEY, ET AL**
      2. Court and case number: _____
      3. Result: (Was the case dismissed? Was it appealed? Is it still pending?) **PENDING**

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

2

C. PREVIOUS LAWSUITS

d. FOURTH PRIOR LAWSUIT
1. PARTIES: MICHAEL E. JACQUES V. G. COLLINSWORTH, ET AL
2. COURT AND CASE NUMBER: 2:21-CV-00145-DMC
3. RESULT: PENDING

e. FIVETH PRIOR LAWSUIT
1. PARTIES: MICHAEL E. JACQUES V. B. FEREAKINS, ET AL.
2. COURT AND CASE NUMBER: 2:21-CV-00144-KJN (PC)
3. RESULT: PENDING

f. SIXTH PRIOR LAWSUIT
1. PARTIES: MICHAEL E. JACQUES V. M. SIMPSON, ET AL.
2. COURT AND CASE NUMBER: 2:21-CV-2143-EFB (PC)
3. RESULT: PENDING

g. SEVENTH PRIOR LAWSUIT
1. PARTIES: MICHAEL E. JACQUES V. M. SIMPSON, ET AL.
2. COURT AND CASE NUMBER: 2:21-CV-02142-DMC
3. RESULT: PENDING

## I. INTRODUCTION

1. THIS IS A CIVIL ACTION AUTHORIZED BY 42 U.S.C. SECTION 1983 TO REDRESS THE DEPRIVATION, UNDER COLOR OF STATE LAW, OF RIGHTS SECURED BY THE CONSTITUTION OF THE UNITED STATES.

2. THIS IS A CIVIL RIGHTS ACTION FILED BY PLAINTIFF TAGGLES, MICHAEL, A STATE PRISONER FOR DAMAGES UNDER 42 U.S.C. §1983, ALLEGING DELIBERATE INDIFFERENCE TO A SUBSTANTIAL RISK OF SERIOUS HARM, INTENTIONAL ~~INFLICTION~~ DENIAL OF MEDICAL CARE, FAILURE TO INTERVENE AND PROTECT, DUTY TO INTERVENE, FREEDOM FROM SEX AND GENDER DISCRIMINATION, RETALIATION, EXCESSIVE USE OF FORCE THAT WAS UNNECESSARY AND NOT FOR THE RESTORATION OF ORDER, BUT TO ASSAULT PLAINTIFF, FOR THE VERY PURPOSE OF CAUSING HARM, CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

## II. JURISDICTION AND VENUE

3. THE COURT HAS JURISDICTION UNDER 28 U.S.C. SECTION 1331 AND 1343 (9)(3).

## III. PARTIES

### PLAINTIFF

4. THE PLAINTIFF, TAGGLES, MICHAEL, IS AT ALL TIMES MENTIONED HEREIN A PRISONER OF THE STATE OF CALIFORNIA IN THE CUSTODY OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS. PLAINTIFF IS CURRENTLY CONFINED IN MULE CREEK STATE PRISON, IN THE CITY OF IONE AND STATE OF CALIFORNIA.

### DEFENDANTS

5. DEFENDANT J. BORDENICK, IS THE CORRECTIONAL SERGEANT, EMPLOYED BY CALIFORNIA DEPARTMENT OF CORRECTIONS AT MULE CREEK STATE PRISON, ASSIGNED TO THE 2ND WATCH SHIFT IN THE ADMINISTRATIVE SEGREGATION UNIT PORTION OF

THE PRISON [illegible] FOR THE OVERALL OPERATION OF ADMINISTRATIVE SEGREGATION, INCLUDING THE SAFETY OF PRISONERS AND THEIR WELFARE, AND INSTRUCTING, ORDERING, AND TRAINING HIS SUBORDINATES.

6. DEFENDANT R. QUICK, IS THE CORRECTIONAL OFFICER, EMPLOYED BY CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION AT MULE CREEK STATE PRISON, ASSIGNED TO THE 2ND WATCH SHIFT IN THE ADMINISTRATIVE SEGREGATION UNIT PORTION OF THE PRISON. HE IS LEGALLY RESPONSIBLE FOR THE SAFETY AND WELFARE OF THE PRISONERS IN THE ADMINISTRATIVE SEGREGATION UNIT.

7. DEFENDANT J. BORDEWICK WAS A CORRECTIONAL SERGEANT OFFICER WHO, AT ALL TIMES MENTIONED IN THIS COMPLAINT, HELD THE RANK OF A CORRECTIONAL OFFICER.

8. DEFENDANT R. QUICK WAS A CORRECTIONAL OFFICER WHO, AT ALL TIMES MENTIONED IN THIS COMPLAINT, HELD THE RANK OF A CORRECTIONAL OFFICER.

9. EACH DEFENDANT WAS ACTING UNDER THE COLOR OF LAW ON APRIL 22, 2022, AT APPROXIMATELY 0730-0800 HOURS, AND EMPLOYED AND WORKING ON THAT PARTICULAR DAY, THEREFORE BEING SUED IN THEIR INDIVIDUAL CAPACITY.

IV. FACTS

10. On April 22, 2022, at approximately 0600-0715 hours, Correctional Officer Pierce appeared at plaintiff's assigned housing (#137L) to issue her a sack lunch, fresh fruit, and milk beverage.

11. Plaintiff explicitly stated to Pierce "Can I have all my property that Vail came and removed from my cell when I was in the holding cage." Pierce, who is the administrative segregation property officer responded explicitly stating "You have to ask the sergeant (Defendant Bordewick) that's who instructed me to take your property."

12. As Defendant Bordewick walked by plaintiff asked for her property. (Which plaintiff was entitled to due to she wasn't under any property restrictions). Defendant Bordewick ignored plaintiff.

13. Plaintiff a participant of the mental health system at the level of "CCCMS" of care, and with no documented loss of property, or under no property restrictions. Plaintiff feeling as she had no other options being both her mental health rights and constitutional rights were blatantly being violated ("Due process is violated when being deprived of property interest which prohibits a state from depriving "any person of property without due process of law."), without any other option plaintiff held the food security port in a non-threatening manner, nor causing any threats.

14. Defendant Quick appeared from nowhere, physically grabbed plaintiff's fingers and hand, while saying anti-transgender slurs, ("Who the fuck do you think you are you fucking transgender fagot") all without provocation and while Defendant Bordewick failed to intervene.

15. While Defendant Quick was bending Plaintiff's right fingers, hand, and wrist backwards explicitly stating "I will break your fucking fingers and hand", as Defendant Quick bent them further backwards and snatching on them. Plaintiff repeatly yelled in pain that Defendant Quick was hurting her. Plaintiff beg Defendant Quick to let her hand go please. Plaintiff also asked Defendant Bordewick to please tell Defendant Quick to let her hand go. Defendant Bordewick refused to instruct Defendant Quick to release Plaintiffs hand despite witnessing and having a ~~realistic~~ realistic opportunity to stop him.

16. Immediately after Plaintiff's right hand was released Plaintiff sustained injuries to Plaintiff's right fingers, hand, right wrist, and forearm.

17. Plaintiff requested medical attention and a CDCR 7219. Defendant Quick explicitly stated "Fuck you piece of shit fagot" then Plaintiff asked Defendant Bordewick, who had been right there witnessing Defendant Quick excessive force. Defendant Bordewick explicitly stated "I been here the whole time I wasn't going to allow him to kill you. You'll be fine. Man up. Stop being such a sissy." Defendant Quick then explicitly stated "I hate you fucking transgenders. You got nothing coming."

18. Plaintiff informed both defendants that she would be ~~filing~~ filing administrative appeals against them. Defendant Quick explicitly stated "As I made up what you did yesterday. I am the cop. No one will believe you." (Defendant Quick was explicitly referring to the April 21, 2022 incident when Plaintiff was both viciously and maliciously beat and assaulted Plaintiff inside and outside her assigned housing without provocation. Defendant Quick lied saying Plaintiff spite on him.)

19. Subsequently, plaintiff filed an administrative appeal on April 22, 2022, LOG NUMBER: 251284. However, because of the injuries to plaintiff's entire right hand, plaintiff was limited in writing due to the extreme pain and swelling to her entire right hand, so plaintiff wasn't able to submit the appeal until April 29, 2022.

20. On May 4, 2022, plaintiff received an Office of Grievances Decision (Log Number: 251284) indicating this decision exhausts all administrative remedies available to you for this claim.

21. On May 2, 2022, prior to a use of force video being conducted a CDCR 7219 was completed. The following injuries found (abrasion to the right wrist, bruised/discolored area to the right forearm, swelling to the right fingers, and pain to the injured areas sustained due to defendant Quick excessive and unnecessary force

22. If during routine duties, correctional officers encounter an inmate who refuses to allow staff to close and lock the food/security port: The officer shall verbally order the inmate to relinquish control of the food port and allow staff to secure it.

In the event the inmate does not relinquish control of the food port, the officer shall back away from the cell and contact and advise the custody supervisor of the situation. In this instance defendants never order plaintiff away, or to relinquish the food/security port. Plaintiff at no time was or caused a threat. If this was contrary then there would have been a documentation. This is the second time defendant Quick has subjected plaintiff to excessive force and this is the second time defendant Bordewick has been present, failed to intervene in spite of his duty to, and having a realistic opportunity to stop and intervene in the excessive force

## FIRST CLAIM FOR RELIEF

VIOLATION OF PRISONER'S EIGHTH AMENDMENT RIGHT TO BE FREE FROM EXCESSIVE USE OF FORCE.

23. PLAINTIFF JACQUES REALLEGES AND INCORPORATES BY REFERENCE EACH OF THE GENERAL ALLEGATIONS OF PARAGRAPHS 1 THROUGH 22, INCLUSIVE, AS IF ALLEGED HEREIN.

24. THE ACTIONS OF DEFENDANT QUICK IN USING EXCESSIVE USE OF FORCE AGAINST PLAINTIFF WITHOUT NEED OR PROVOCATION, WAS DONE MALICIOUSLY AND SADISTICALLY FOR THE VERY PURPOSE OF CAUSING HARM WHICH CONSTITUTED CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE EIGHTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

25. DEFENDANT QUICK ASSAULT AND BATTERY AND EXCESSIVE FORCE WAS INTENTIONAL, MALICIOUS, AND SADISTIC FOR THE VERY PURPOSE OF CAUSING HARM, RATHER THEN PRESERVE ORDER, MAINTAIN SECURITY, OR DISCIPLINE.

26. DEFENDANT QUICK AND BORDEWICK BOTH KNEW OR SHOULD HAVE KNOWN THEIR CONDUCT, ATTITUDES AND ACTIONS CREATED AN UNREASONABLE RISK OF SERIOUS HARM TO PLAINTIFF.

27. DEFENDANTS QUICK AND BORDEWICK WRONGFUL ACTIONS ALLEGED HEREIN ARE IN VIOLATION OF 42 U.S.C § 1983 BECAUSE THEY HAVE DEPRIVED PLAINTIFF OF RIGHTS, BENEFITS, AND PRIVILEGES SECURED BY UNITED STATES CONSTITUTION.

28. DEFENDANTS QUICK AND BORDEWICK ACTS WERE WILLFUL, INTENTIONAL, MALICIOUS, WANTON AND DESPICABLE IN CONSCIOUS DISREGARD OF PLAINTIFF'S RIGHTS ENTITLING PLAINTIFF TO AN AWARD OF COMPENSATORY AND PUNITIVE DAMAGES.

VIOLATION OF PLAINTIFF'S EIGHTH AMENDMENT RIGHT TO HAVE PERSONAL SAFETY, FAILURE TO INTERVENE, AND DELIBERATE INDIFFERENCE.

29. PLAINTIFF JACCUES REALLEGES AND INCORPORATES BY REFERENCE EACH OF THE GENERAL ALLEGATIONS OF PARAGRAPHS 1 THROUGH 22, INCLUSIVE, PARAGRAPHS 23 THROUGH 28, INCLUSIVE, OF THE FIRST CLAIM.

30. DEFENDANTS BORDEWICK, DENIED PLAINTIFF OF HER EIGHTH AMENDMENT RIGHT TO BE FREE FROM CRUEL AND UNUSUAL PUNISHMENT IN THE FORM OF BOTH HIS FAILURE TO INTERVENE IN DEFENDANT QUICK'S EXCESSIVE USE OF FORCE, DESPITE HIM HAVING DIRECT AND COMPETENT UNDERSTANDING GAINED THROUGH EXPERIENCE, TRAINING, AND OATH TAKING, INCLUDING IT IS ESTABLISHED LAW, THAT OFFICERS HAVE A DUTY TO INTERCEDE WHEN A FELLOW OFFICER VIOLATES THE CONSTITUTIONAL RIGHT OF A PRISONER WHEN HAVING A REALISTIC OPPORTUNITY TO THUS DENIED AND DEPRIVED PLAINTIFF A BASIC HUMAN NEED GUARANTEED TO HER BY THE UNITED STATES CONSTITUTION.

31. IN DOING AS ALLEGED HEREINABOVE, DEFENDANTS ACTED WITH DELIBERATE INDIFFERENCE TO PLAINTIFF'S SAFETY, WHEN DEFENDANTS QUICK AND BORDEWICK SUBJECTED HER TO 'UNNECESSARY AND WANTON INFLICTION OF PAIN', IN VIOLATION OF PLAINTIFF'S EIGHT AMENDMENT RIGHT GUARANTEED BY THE UNITED STATES CONSTITUTION.

32. DEFENDANTS' WRONGFUL ACTIONS ALLEGED HEREIN ARE IN VIOLATION OF 42 U.S.C. §1983 BECAUSE THEY DEPRIVED PLAINTIFF OF HER RIGHTS, BENEFITS, AND PRIVILEGES SECURED BY THE UNITED STATES CONSTITUTION.

33. DEFENDANTS' KNEW OR SHOULD HAVE KNOWN THAT THEIR CONDUCT, ATTITUDES,

ACTIONS ~~CAUSED PLAINTIFF TO SUFFER SUCH HARM.~~

34. DEFENDANTS HAS CAUSED PLAINTIFF TO SUFFER SUCH AS SWELLING AND PAIN TO HER ENTIRE RIGHT HAND, FINGERS, WRIST, AND FOREARM. PLAINTIFF IS SUFFERING DAILY ACTIVITIES ~~HAVE BEEN~~ SUCH AS WRITING, GRIPPING, AND GRABBING. PLAINTIFF WILL CONTINUE TO SUFFER SUCH AS CONTINUING TO HAVE TO WEAR WRIST BRACES, SHAME, EMBARRASSMENT, HUMILIATION, DEGRADATION, EMOTIONAL DISTRESS, PSYCHOLOGICAL DISTRESS, AND EXTREME PAIN.

35. DEFENDANTS QUICK, AND BORDENICK ACTS WERE WILLFUL, INTENTIONAL, MALICIOUS, WANTON AND DESPICABLE IN CONSCIOUS DISREGARD OF PLAINTIFF'S RIGHTS, ENTITLING HER TO AN AWARD OF COMPENSATORY AND PUNITIVE DAMAGES.

THIRD CLAIM FOR RELIEF

(~~SECOND~~ FOURTEENTH AMENDMENT VIOLATION - FREEDOM FROM SEX AND GENDER DISCRIMINATION, AND PHYSICAL VIOLENCE, INCLUDING RETALIATION.

36. PLAINTIFF JACLUES REALLEGES AND INCORPORATES BY REFERENCE EACH OF THE ALLEGATIONS CONTAINED IN PARAGRAPHS 1 THROUGH 22, INCLUSIVE, PARAGRAPHS 23 THROUGH 28, INCLUSIVE, AND PARAGRAPHS 29 THROUGH 35, INCLUSIVE OF THE FIRST AND SECOND CLAIMS, AS IF ALLEGED HEREIN.

37. DEFENDANTS QUICK AND BORDENICK HARASSMENT AND DISCRIMINATORY ATTITUDE AND ACTIONS SPECIFICALLY ~~are~~ REFERENCING PARAGRAPHS 14 THROUGH 17.

38. DEFENDANT QUICK WHILE PHYSICALLY ASSAULTING PLAINTIFF WAS SAYING ANTI-TRANSGENDER SLURS, ALL WITHOUT PROVOCATION.

39. Plaintiff as LGBTQ person and inmate have a constitutional right to be protected from violence and assault in prison. These rights extends to abuse by guards. ~~As such as that~~

40. Plaintiff had a constitutional right right to inform defendants Quick and Boderwick that she was filing an appeal against them. It was her "protected conduct" and what the defendants did to plaintiff was an "adverse action" because of this plaintiff filing an appeal which the defendants in response did. It is clear there is a "causal connection". This entitled plaintiff to both compensatory and punitive damages awarded.

## VI. PRAYER FOR RELIEF

41. Wherefore, Plaintiff respectfully prays that this court enter judgment granting plaintiff:

1. ~~~~ Demand for Jury Trial;
2. Issue a Declaratory Judgment that the defendants' action complained of herein violated plaintiff's rights under the United States Constitution and otherwise alleged herein;
3. Award plaintiff compensatory and punitive, in an amount to be determined at trial;
4. Plaintiff's costs in this suit; and
5. Any additional relief as this court deems just and proper.

DATED: MAY 13, 2022

Respectfully,

[signature]

## VII. VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Respectfully Submitted,

[signature]

Executed on this 13th day of May, 2022, at MCSP in Ione, California

## D. CAUSE OF ACTION

### CLAIM I

1. State the constitutional or other federal civil right that was violated: _SEE ATTACHED PAGE 6_

2. Claim I. Identify the issue involved. Check only one. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim I. Describe exactly what each **Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   _SEE ATTACHED PAGES 1-5_

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

   _SEE ATTACHED PAGES 3-4_

5. **Administrative Remedies:**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?  ☒ Yes  ☐ No
   b. Did you submit a request for administrative relief on Claim I?  ☒ Yes  ☐ No
   c. Did you appeal your request for relief on Claim I to the highest level?  ☒ Yes  ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

3

## CLAIM II

1. State the constitutional or other federal civil right that was violated: *SEE ATTACHED PAGE 7*

2. **Claim II.** Identify the issue involved. Check **only one**. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim II. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   *SEE ATTACHED PAGES 1-5*

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

   *SEE ATTACHED 3-4*

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☑ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim II? ☑ Yes ☐ No
   c. Did you appeal your request for relief on Claim II to the highest level? ☑ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

4

## CLAIM III

1. State the constitutional or other federal civil right that was violated: *SEE ATTACHED PAGE 8*

2. Claim III. Identify the issue involved. Check only one. State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☐ Threat to safety
   - ☐ Other: _____

3. **Supporting Facts.** State as briefly as possible the FACTS supporting Claim III. Describe exactly what **each Defendant** did or did not do that violated your rights. State the facts clearly in your own words without citing legal authority or arguments.

   *SEE ATTACHED PAGES 1-5*

4. **Injury.** State how you were injured by the actions or inactions of the Defendant(s).

   *SEE ATTACHED PAGES 3-4*

5. **Administrative Remedies.**
   a. Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution? ☑ Yes ☐ No
   b. Did you submit a request for administrative relief on Claim III? ☑ Yes ☐ No
   c. Did you appeal your request for relief on Claim III to the highest level? ☑ Yes ☐ No
   d. If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

If you assert more than three Claims, answer the questions listed above for each additional Claim on a separate page.

## E. REQUEST FOR RELIEF

State the relief you are seeking: _SEE ATTACHED PAGE 9_

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _MAY 13, 2022_
DATE

SIGNATURE OF PLAINTIFF

_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form. If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages. If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.

6